## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **KENNETH JOE WATSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. CV-12-S-2661-NE** |
| | ) | |
| **GENERAL ELECTRIC, INC.,** *et al.*, | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

This action is before the court on a motion to remand filed by plaintiff, Kenneth Joe Watson.[1]  Plaintiff commenced this action in the Circuit Court of Morgan County, Alabama on May 16, 2012.[2]  Defendant General Electric, Inc. ("GE"), was the only party named as a defendant in the original complaint, which alleged that plaintiff's hand had been crushed in machinery while he was working in the line and scope of his employment for GE, and asserted a single claim for damages under Alabama's Workers' Compensation Act.[3]

Plaintiff filed an amended complaint in the state court on July 2, 2012.[4]  That complaint added a second defendant, RWC, Inc. ("RWC"), and alleged new claims

---

[1] *See* doc. no. 2 (Motion to Remand).

[2] Doc. no. 1-1 (Complaint), at 2.

[3] *Id.* at 3-5.  *See also* Ala. Code § 25-5-1 *et seq.* (1975).

[4] *See* doc. no. 1-6 (Amended Complaint).

for negligence, breach of warranty, and products' liability against RWC and various fictional defendants.[5]   RWC was served with the amended complaint on July 10, 2012.[6]

RWC filed a notice of removal on August 8, 2012,[7] and alleged that the parties' complete diversity of citizenship was the basis for jurisdiction in this court.[8]   Neither RWC's notice of removal, nor any other document filed with this court, indicated that GE consented to the removal.  Even so, RWC asserted that the claims against it were fraudulently joined with the claims against GE, and that GE had not been served.[9]   As a result, RWC believed that GE's citizenship or consent was not relevant to removal.[10]

Plaintiff moved to remand the case to state court on August 15, 2012.[11]   Plaintiff argued that there was no fraudulent joinder, and asserted that "[t]here is no complete diversity of citizenship[,]" although he did not explain why that is true.[12]   RWC

---

[5] *Id.* at 1, 4-11.  Although plaintiff confusingly numbered those new claims as "Count One," "Count Two," etc., *see id.* at 8-11, which might suggest they were the only claims plaintiff asserted, it is clear that plaintiff did not intend to abandon his workers' compensation claim against GE.  *See id.* at 4 ¶ 12 ("Plaintiff hereby realleages [sic] and adopts all of the foregoing paragraphs of the [initial] complaint as if more fully set out herein as to his worker's [sic] compensation claims.").

[6] Doc. no. 1 (Notice of Removal) ¶ 1.

[7] *Id.*

[8] *Id.* ¶ 6.

[9] *Id.* ¶¶ 1, 4, 8.

[10] *Id.* ¶¶ 3, 8.

[11] Doc. no. 2 (Motion to Remand).

[12] *Id.* ¶¶ 1, 3-4.

opposed the motion.[13]  Upon consideration, the motion will be granted.

## I.  LEGAL STANDARDS

### A.    Federal Jurisdiction, Removal, and Remand

Motions to remand are governed by 28 U.S.C. § 1447(c), which contemplates "two grounds for remanding a removed case:  (1) lack of subject matter jurisdiction; or (2) procedural defect in the removal of the case." *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1043 (11th Cir. 2001) (citing *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127-28 (1995); *Florida Polk County v. Prison Health Services, Inc*., 170 F.3d 1081, 1083 (11th Cir. 1999)).[14]

District courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *University of South Alabama v. The American Tobacco Co.,* 168 F.3d 405, 409 (11th

---

[13] *See* doc. no. 3 (Response to Motion to Remand).

[14] The referenced statutory provision states that:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.  A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court.  The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c).

Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)); *see also, e.g., Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1260-61 (11th Cir. 2000) ("Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases.") (citing *University of South Alabama*, 168 F.3d at 409-10).

RWC's notice of removal asserted that jurisdiction was proper under 28 U.S.C. § 1332.[15]  Jurisdiction under that provision requires "complete diversity": *i.e.*, the citizenship of every plaintiff must be diverse from the citizenship of every defendant. *See, e.g., Palmer v. Hospital Authority of Randolph County*, 22 F.3d 1559, 1564 (11th Cir.1994).  The amount in controversy must exceed $75,000.  *See* 28 U.S.C. § 1332(a).

**B.     Removal Disfavored**

It is well settled that the removal statutes should be narrowly construed.  *See, e.g., Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 766 (11th Cir. 2010). Moreover, the Eleventh Circuit recognizes that "there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp.*, 264 F.3d at 1050 (citing *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).  The removing

---

[15] Doc. no. 1 (Notice of Removal) ¶ 6.

4

defendant bears the burden of showing that removal is appropriate. *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001); *Murphree v. American Federation of Government Employees, AFL–CIO,* 4:11–CV–2563–KOB, 2012 WL 1058358, at *2 (N.D. Ala. Mar. 27, 2012) (citing *Leonard v. Enterprise Rent a Car,* 279 F.3d 967, 972 (11th Cir.2002)).

## C.    The Unanimity Rule

The "unanimity rule" mandates that, in cases involving multiple defendants, all defendants properly joined *and served* must consent to removal.  *See* 28 U.S.C. § 1446(b); *see also Russell Corp.*, 264 F.3d at 1044 (citing *Chicago, Rock Island, and Pacific Railway Co. v. Martin*, 178 U.S. 245, 247-48 (1900); *In re Ocean Marine Mutual Protection and Indemnity Ass'n, Ltd.*, 3 F.3d 353, 355-56 (11th Cir.1993); *In re Federal Savings & Loan Insurance Corp.*, 837 F.2d 432, 434 (11th Cir.1988)); *Beard v. Lehman Brothers Holdings, Inc.*, 458 F. Supp. 2d 1314, 1319 (M.D. Ala. 2006).

A defendant's failure to obtain unanimous consent of all defendants to the notice of removal "is a defect in the removal procedure."  *In re Bethesda Memorial Hospital, Inc.*, 123 F.3d 1407, 1410 n.2 (11th Cir. 1997) (citing *In re Ocean Marine*, 3 F.3d at 356 (holding that failure to comply with rules requiring all defendants to join

5

in removal constitutes a defect in removal procedure)).  The unanimity rule "must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction." *Russell Corp.*, 264 F.3d at 1049 (11th Cir. 2001).

Despite the foregoing discussion, the unanimity rule "is not violated when the alleged offender of the rule has not been served at the time the removal petition is filed: 'A defendant that has not been served with process need not join in or consent to removal.'" *Harris v. Pacificare Life & Health Insurance Co.*, 514 F. Supp. 2d 1280, 1286 (M.D. Ala. 2007) (quoting *GMFS, L.L.C. v. Bounds*, 275 F. Supp. 2d 1350, 1354 (S.D. Ala. 2003)).

## D.    Fraudulent Joinder

The unanimity rule, as well as the requirement for complete diversity of citizenship, does not apply when the non-diverse defendant is fraudulently joined for the purpose of preventing removal.  *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).  The burden of showing fraudulent joinder is a heavy one that rests on the removing party.  *See Pacheco de Perez v. AT&T Company*, 139 F.3d 1368, 1381 (11th Cir. 1998); *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).  Fraudulent joinder is deemed to exist in three situations:  (1) when there is no possibility that a plaintiff can establish a cause of action against a non-diverse

defendant; (2) when there is outright fraud in the pleading of jurisdictional facts; or (3) when a diverse defendant is joined with a non-diverse defendant, but there is no joint, several, or alternative liability, and the claims against the respective defendants have no real connection. *Triggs*, 154 F.3d at 1287 (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996); *Coker v. Amoco Oil Co.*, 709 F. 2d 1433, 1440 (11th Cir. 1983)).

## II. ANALYSIS

This case is factually similar to *Formosa v. Lowe's Home Centers, Inc.*, 806 F. Supp. 2d 1811 (N.D. Ala. 2011), a case currently pending before Chief Judge Sharon Lovelace Blackburn after removal from state court. In *Formosa*, the plaintiff filed a complaint in state court that alleged a claim against Lowe's for worker's compensation benefits under the Workers' Compensation Act of Alabama for injuries sustained after plaintiff fell off of a stool at work. *Id.* at 1183-84; *see also* Ala. Code 1975 § 25-5-80 (1975). Plaintiff also asserted claims for negligent design, failure to warn, and breach of warranty against an entity named "L.G. Sourcing." *Id.* at 1184. L.G. Sourcing removed the case to federal court based on diversity jurisdiction, and argued that the plaintiff's worker's compensation claim was fraudulently joined with the state-law claims asserted against L.G. Sourcing. *Id.* L.G. Sourcing moved to sever and remand the workers' compensation claim, while Formosa moved to remand

the entire case.  *Id.*  Chief Judge Blackburn severed the worker's compensation claim against Lowe's and remanded it to state court, but retained jurisdiction over the tort claims against L.G. Sourcing.  *Id.* at 1193.

There is, however, at least one important procedural difference between this case and *Formosa*.[16]  The plaintiff in *Formosa* waived her right to remand by not moving to remand within thirty days of removal; thus, the removal was procedurally proper, and the Court possessed subject matter jurisdiction based on diversity of citizenship.  *Id.* at 1192 (citing *Lowrey v. Alabama Power Co.*, 483 F.3d 1184, 1215 n.65 (11th Cir. 2007)).  As a result, Chief Judge Blackburn's opinion in *Formosa* did not consider "the question of whether remand of the entire case would have been warranted if Formosa had filed her Motion to Remand within thirty days of removal." *Id.* at 1193.

In the instant case, however, plaintiff *did* timely file his motion to remand:  *i.e.*, RWC filed its notice of removal on August 8, 2012, and plaintiff moved to remand on August 15, 2012.[17]  Thus, *if* this court has subject matter jurisdiction, *then* the court must decide the question *Formosa* did not reach:  is remand of the entire case

---

[16] The court also notes that, unlike L.G. Sourcing in *Formosa*, the removing defendant here, RWC, did not file a motion to sever the worker's compensation claim.  As discussed below, the court lacks subject matter jurisdiction over that claim and must remand it to state court.  *See* 28 U.S.C. §§ 1445(c).  The question then is whether the whole case should be remanded (if subject matter jurisdiction exists over the remaining claims against RWC).

[17] *See* doc. no. 1 (Notice of Removal); doc. no. 2 (Motion to Remand).

warranted?

Of course, it is the antecedent issue — whether subject matter jurisdiction exists — to which the court must first turn.  *See Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001); *Galindo-Del Valle v. Attorney General*, 213 F.3d 594, 598 n.2 (11th Cir. 2000).

## A.     Subject Matter Jurisdiction

### 1.     The workers' compensation claim against GE

By statute, "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."  28 U.S.C. § 1445(c).  The Eleventh Circuit interprets § 1445(c) as depriving federal courts of subject matter jurisdiction over workers' compensation claims.  *Formosa*, 806 F. Supp. 2d. at 1185-86 (citing *Reed v. Heil Co.*, 206 F.3d 1055 (11th Cir. 2000); *New v. Sports & Recreation, Inc.*, 114 F.3d 1092 (11th Cir. 1997); *Alansari v. Tropic Star Seafood Inc.*, 388 F. App'x 902 (11th Cir. 2010) (per curiam)).  Consequently, the court has no jurisdiction over the workers' compensation claim against GE, and that claim must be remanded to the Circuit Court of Morgan County, Alabama.

That does not end the analysis.  This court must also determine whether there is subject matter jurisdiction over the claims against RWC.  If such jurisdiction exists,

9

and removal is procedurally proper, then the court must decide whether to sever the workers' compensation claim, or remand the entire case.

## 2.   Diversity Jurisdiction

### a.   Amount in controversy

The amount in controversy, exclusive of interest and costs, must exceed $75,000 for diversity jurisdiction to exist.  *See* 28 U.S.C. § 1332(a)(1).  "Where a plaintiff fails to specify the total amount of damages demanded, as is the case here,[18] a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement."  *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010).  RWC indicates that the amount in controversy exceeds $75,000, based on plaintiff's allegation that his right hand was crushed in machinery, and that he incurred extensive expenses — for example, medical bills — as a result thereof.[19]  In his motion to remand, plaintiff admits that RWC "sufficiently describes" the extent of plaintiff's injuries.[20]   Therefore, RWC has met its burden of demonstrating the

---

[18] Neither plaintiff's initial complaint nor his amended one request a specific monetary sum. *See* doc. no. 1-1 (Complaint); doc. no. 1-6 (Amended Complaint).

[19] Doc. no. 1 (Notice of Removal) ¶ 5.

[20] Doc. no. 2 (Motion to Remand) ¶ 3.  As further evidence that plaintiff agrees with RWC's statement of the amount in controversy, plaintiff's challenge to subject matter jurisdiction focuses only on the diversity of citizenship requirement.  *See id.* ¶ 2.

amount in controversy exceeds $75,000.

### b.    Complete diversity of citizenship

Diversity jurisdiction requires that the citizenship of RWC be diverse from that of plaintiff. *See* 28 U.S.C. §1332(a); *Palmer v. Hospital Authority of Randolph County*, 22 F.3d 1559, 1564 (11th Cir.1994). Plaintiff is a citizen of Alabama.[21] RWC is a citizen of Michigan, by way of its incorporation there, and a citizen of either Michigan or Wisconsin, by way of the location of its principal place of business.[22] Plaintiff's sole argument regarding the requirement for complete diversity of citizenship is the following statement, contained within his motion to remand: "There is no complete diversity of citizenship."[23] Plaintiff does not elaborate. Consequently, the court finds that the parties are completely diverse.

### c.    Fraudulent joinder

RWC makes opaque arguments regarding fraudulent joinder and its alleged effect on the removability of this case. In its notice of removal, RWC argued that the claims against it were fraudulently joined with plaintiff's workers' compensation

---

[21] Doc. no. 1-1 (Complaint) ¶ 1.

[22] Doc. no. 1 (Notice of Removal) ¶¶ 3, 6. Plaintiff's amended complaint asserts that RWC's principal place of business is in Missouri. Doc. no. 1-6 (Amended Complaint) ¶ 16. Whether RWC's principal place of business is in Missouri, as plaintiff claims, or Michigan or Wisconsin, as RWC claims, complete diversity is not destroyed. RWC also asserts that GE is a citizen of a state other than Alabama, a fact that plaintiff does not specifically contest. Doc. no. 1 (Notice of Removal) ¶ 3.

[23] Doc. no. 2 (Motion to Remand) ¶ 4.

claim against GE.[24]  That belief apparently was based, at least in part, on the fact that 28 U.S.C. § 1445(c) forbids removal of the workers' compensation claim against GE.[25]  RWC contended that, because (in its view) the workers' compensation against GE must be severed from the tort claims against RWC, the assertion of claims against both GE and RWC in the same complaint constitutes fraudulent joinder.[26]

"[D]istrict courts in Alabama analyzing removal jurisdiction have rejected similar assertions of fraudulent joinder of worker's compensation claims to third party tort claims." *Formosa*, 806 F. Supp. 2d at 1187-88 (citing cases).  "[I]n an action with a workers' compensation claim and other tort claims seeking several liability for damages in a work-related incident, joinder [is] proper because the claims involve (1) several liability, and (2) common questions of fact." *Wingard v. Guillot Textilmaschinen GMBH*, No. 2:08-cv-342-WKW, 2008 WL 4368884, at *3 (M.D. Ala. Sept. 23, 2008) (citing Fed. R. Civ. P. 20(a); *Williams v. CNH America, LLC*, 542 F. Supp. 2d 1261, 1265 (M.D. Ala. 2008); *Brooks v. Paulk & Cope, Inc.*, 176 F. Supp. 2d 1270, 1276 (M.D. Ala 2001)).

RWC confuses the removability of the claim against GE with the fraudulent

---

[24] Doc. no. 1 (Notice of Removal) ¶ 4.

[25] *Id.* ¶¶ 3-4 (citing and discussing § 1445(c)'s import before alleging fraudulent joinder), 6 (referring to "this action" as only the product liability claims against RWC), 8 (noting that RWC is "the only removable defendant in this civil action").

[26] Doc. no. 3 (Response to Motion to Remand) ¶¶ 2-8.

joinder of that claim.  RWC correctly asserts that workers' compensation claims are not removable pursuant to § 1445(c).  "However, this does not mean that there is no joint, several, or alternative liability; nor does it mean that the worker's compensation claim has no real connection to the claims against [RWC]."  *Williams*, 542 F. Supp. 2d at 1265 (alteration supplied).  RWC has not met its heavy burden in showing fraudulent joinder, as none of the three instances of fraudulent joinder apply.  *See Pacheco de Perez*, 139 F.3d at 1381; *Triggs*, 154 F.3d at 1287.  Even if fraudulent joinder existed, it is unclear why that would matter to RWC *for the purposes of subject matter jurisdiction*:  according to RWC, GE is not a citizen of Alabama and, therefore, would not destroy complete diversity.[27]

In RWC's view, the nonremovable, workers' compensation claim must be severed when brought with tort claims in the same suit.[28]  The court interprets that argument, as well as RWC's claim that GE has not been served, as addressing the procedural aspects of removal and remand, rather than the court's subject matter jurisdiction.

## B.    The Procedural Propriety of Removal

RWC filed its notice of removal on August 8, 2012, after it had been served

---

[27] Doc. no. 1 (Notice of Removal) ¶ 3.  Plaintiff did not allege the citizenship of GE in either of his complaints, or his motion to remand. *See* doc. no. 1-1 (Complaint); doc. no. 1-6 (Amended Complaint); doc. no. 2 (Motion to Remand).

[28] *Id.* ¶¶ 4 -5.

with the amended complaint on July 10, 2012.[29]  Therefore, the removal was timely. *See* 28 U.S.C. § 1446(b)(3).  Plaintiff requested remand "pursuant to 29 U.S.C. § 1447(c) or other appropriate remand grounds."[30]   A motion to remand must be made within thirty days after removal when the motion is based on "any defect *other than* lack of subject matter jurisdiction[.]" 28 U.S.C. § 1447(c) (emphasis supplied). Plaintiff met that deadline by filing his motion to remand on August 15, 2012, seven days after RWC removed the case.[31]

### 1.   The rule of unanimity

Ordinarily, the "rule of unanimity" demands that all defendants in a case must consent to removal: "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A); *see also Russell Corp.*, 264 F.3d at 1044.  RWC filed its notice of removal, but GE, perhaps because it knew the workers' compensation claim against it could not be removed under § 1445(c), did not indicate its consent to the notice.  RWC argues that GE's consent is not needed to effectuate removal.[32]

---

[29] Doc. no. 1 (Notice of Removal) ¶ 1.

[30] Doc. no. 2 (Motion to Remand), at 3.

[31] *Id.* at 1.

[32] Doc. no. 1 (Notice of Removal) ¶ 3.

14

The rule of unanimity does not apply when one of the defendants has not been "properly joined and served." 28 U.S.C. § 1446(b). The court has already rejected RWC's "fraudulent joinder" argument, and found that the claim against GE was properly joined, even though it was not removable under § 1445(c). RWC's notice of removal also argued that GE was not properly served.[33] Plaintiff, however, indicated that "[t]here was confusion about service, which resulted in counsel for [GE] contacting Plaintiff's counsel and agreeing to accept service."[34] As plaintiff noted, GE filed an answer to the suit in state court.[35] Thus, GE effectively waived service, and the rule of unanimity applies to bar removal of the action.

That conclusion certainly seems unfair to RWC, which would otherwise be able to remove the state law claims against it. The claim against GE clearly cannot be removed for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1445(c); *Formosa*, 806 F. Supp. 2d. at 1185-86 (citing *Reed v. Heil Co.*, 206 F.3d 1055 (11th Cir. 2000); *New v. Sports & Recreation, Inc.*, 114 F.3d 1092 (11th Cir. 1997); *Alansari v. Tropic Star Seafood Inc.*, 388 F. App'x 902 (11th Cir. 2010) (per curiam)). Moreover, 28 U.S.C. § 1446(a) requires that defendants who or which file a notice of removal must comply with Rule 11. Thus, GE has little incentive to join RWC's notice of removal.

---

[33] *Id.*

[34] Doc. no. 2 (Motion for Remand) ¶ 2.

[35] *Id.*; *see also* doc. no. 2-2 (GE's Answer).

Were GE to do so, it would make a legal contention — that a workers' compensation claim can be removed to federal court — that is unquestionably not supported by existing law.

Nevertheless, retaining the rule of unanimity in the current situation is suggested not only by § 1446(b), but also by 28 U.S.C. § 1441(c), which provides an exception to the rule of unanimity for removal of claims based on *federal question jurisdiction*, but *not* those based on diversity jurisdiction.

**(c) Joinder of Falderal law claims and State Law claims**

**(1)** If a civil action includes–

> **(A)** a claim arising under the Constitution, laws, or treaties of the United States . . . *and*
>
> **(B)** a claim . . . that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the [nonremovable] claim . . . .

**(2)** Upon removal of an action described in paragraph (1), the district court shall sever from the action [the nonremovable claim] and shall remand the severed claim[] to the State court from which it was removed. *Only* defendants against whom a claim described in paragraph (1)(A) [*i.e.*, *a federal question claim*] has been asserted are required to join in or consent to the removal under paragraph (1).

28 U.S.C. § 1441(c) (alternations and italicized emphases supplied, boldface alterations in original). In other words, if a plaintiff asserts a workers' compensation claim against Defendant A (*i.e.*, GE), and a claim based on federal law against

16

Defendant B, Defendant B may remove the case to federal court without the consent of Defendant A.  But Congress provided no such exception when, as here, the claims asserted against Defendant B (*i.e.*, RWC) are state law claims that form the basis of *diversity* jurisdiction.  *See Penson Financial Services, Inc. v. Golden Summit Investors Group, Ltd.*, No. 3:12-CV-300-B, 2012 WL 2680667, at *4 (N.D. Tex. July 5, 2012) (finding that the rule of unanimity applied to removed cases based on diversity jurisdiction, even after recent Congressional amendment of the removal statutes).  As a result, remand is proper, because the rule of unanimity is not satisfied.

### 2.    Severance

Even if the rule of unanimity did not apply, the court would remand after answering the question not addressed in *Formosa*:   should the entire case be remanded, rather than severing the workers' compensation claim and retaining jurisdiction over the remaining tort claims?  "Rule 21 of the Federal Rules of Civil Procedure permits federal courts to 'sever any claim against any party,' even for the purpose of retaining jurisdiction.  The trial court has 'broad discretion' in determining whether to sever claims." *Formosa*, 806 F. Supp. 2d at 1187 (quoting *Ingram v. CSX Transportation Inc.*, 146 F.3d 858, 862 (11th Cir. 1998); *Anderson v. Moorer*, 372 F.3d 747 750 n.4 (5th Cir. 1967)).   The court may consider judicial economy in reaching its decision.  *Formosa*, 806 F. Supp. 2d at 1187.

17

RWC relied heavily on *Formosa*'s explication of reasons to sever a workers' compensation claim:[36]  "First, worker's compensation claims are expedited in state court and generally resolve much faster than [product liability] claims.  Second, the claims differ as to the damages that are recoverable."  *Id.* at 1190.  Those rationales, however, were *dicta*, because the basis of *Formosa*'s retention of jurisdiction over the tort claims was waiver.

> Formosa waived her right to move to remand these [tort] claims by not moving to remand within thirty days of removal.  Because subject matter jurisdiction otherwise exists over these [tort] claims based on diversity jurisdiction, the court may retain jurisdiction [over them], even if they were improperly removed to this court. . . . The court does not now address the question of whether remand of the entire case would have been warranted if Formosa had [timely] filed her Motion to Remand[.]

Id. at 1192-93 (alterations supplied).

Additionally, *Formosa* observed that "several district courts in Alabama have chosen to remand the entire case rather than sever and remand the nonremovable worker's compensation claims, *particularly where the only basis for federal jurisdiction was diversity jurisdiction*, as here."  *Id.* at 1189 (citing *Williams*, 542 F. Supp. 2d at 1265; *Wingard v. Guillot Textilmaschinen GMBH*, 2008 WL 4368884, at *4; *Bryant v. Wausau Underwriters, Ins. Co.*, No. 2:06-cv-1002-MEF, 2008 WL 1808325 (M.D. Ala. Apr. 21, 2008)) (emphasis supplied); *see also Brooks*, 176 F.

---

[36] Doc. no. 3 (Response to Motion to Remand) ¶ 2.

Supp. 2d at 1274-77; *Priest v. Sealift Services International, Inc.*, 953 F. Supp. 363, 364 (N.D. Ala. 1997).  The court sees no reason to depart from that practice.

RWC argues that the court should sever the state tort law claims against it, and retain jurisdiction over them, because severance is required and inevitable under Alabama law.[37]  But, as other courts have noted, it is not certain that an Alabama trial judge would sever the claims, rather than try the case as a whole.  *See Williams*, 542 F. Supp. 2d at 1265; *Brooks*, 176 F. Supp. 2d at 1277;  *Priest*, 953 F. Supp. at 364; *Wingard*, 2008 WL 4368884, at *4.  Thus, remand is proper so that the state court may determine whether to sever the claims.  That disposition furthers judicial economy by preserving the possibility that all claims will be tried together in one court, rather than piecemeal in both federal and state court.

### III.  CONCLUSION

For the reasons stated herein, plaintiff's motion to remand is granted, and this case is remanded to the Circuit Court of Morgan County, Alabama.  The clerk is directed to close this file, and to send certified copies of this opinion to the state court clerk.

**DONE** and **ORDERED** this 26th day of November, 2012.

---

[37] Doc. no. 3 (Response to Motion to Remand) ¶¶ 2-5.

19

United States District Judge

20